UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID ROMULUS, CASSANDRA BEALE, NICHOLAS HARRIS, ASHLEY HILARIO, and ROBERT BOURASSA, on behalf of themselves and all other persons similarly situated,

    Plaintiffs,

v.

CVS PHARMACY, INC.,

    Defendant.

CIVIL ACTION NO. 10305

## NOTICE OF REMOVAL (SECOND)

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant CVS Pharmacy, Inc. (CVS) hereby petitions this Court for the removal of the action referenced herein from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. This case was previously removed pursuant to the Class Action Fairness Act (CAFA) and assigned to the Hon. Rya Zobel, but was remanded because the Court determined that CVS had not satisfied its burden of demonstrating that the amount in controversy met CAFA's $5.0 million jurisdictional threshold. More particularly, the Court found that CVS's computation of the amount in controversy was based upon assumptions that were different than the theory of liability asserted in the complaint. Since then – relying upon time and attendance data provided to plaintiffs by CVS – plaintiffs have calculated the precise number of potential wage and hour violations for which they seek redress during a subset of the putative class period. Extrapolating plaintiffs' calculations over the entire putative class period, and based upon the theory of liability pleaded in the complaint, CVS reasonably believes

that the amount in controversy exceeds CAFA's jurisdictional threshold. Accordingly, the case is removable pursuant to 28 U.S.C. § 1446(b)(3).

## I.      Relevant Procedural History

1.      On August 31, 2011, Plaintiffs, David Romulus, Cassandra Beale, Nicholas Harris, Ashley Hilario, and Robert Bourassa, filed a First Amended Class Action Complaint[1] in the Suffolk County Superior Court of the Commonwealth of Massachusetts against CVS and CVS Caremark Corporation, Civil Action No. 11-CV-02750-C (Complaint). Plaintiffs – each of whom are former Shift Supervisors who worked in CVS stores in Massachusetts – bring claims on behalf of themselves and all other Shift Supervisors who worked at nearly 350 CVS stores in Massachusetts between July 25, 2008 and the present (Putative Class Members). Compl. ¶¶ 14, 24.

2.      Plaintiffs allege that CVS required them to stay in the store while on break and that they were therefore not fully relieved from duty in two distinct circumstances: (a) when there was no other managerial employee in the store with them who could perform certain tasks in their absence; and (b) when there was only one other employee in the store at the time of the break. Because CVS allegedly required Shift Supervisors to remain in the store in these circumstances, plaintiffs contend that CVS should have – but did not – pay them for the time spent on such breaks. By way of this action, plaintiffs assert claims on behalf of themselves and the Putative Class Members against CVS for: (a) failure to pay overtime compensation in violation of Mass. Gen. Laws c. 151, §§ 1A & 1B (Count I); and (b) failure to pay all earned wages in violation of Mass. Gen. Laws c. 149, § 148 (Count II). Compl. ¶¶ 34-43.

---

[1] The original complaint was filed on July 26, 2011, but was never served.

3.      Plaintiffs seek: (a) an order allowing the action to proceed as a class action pursuant to Mass. R. Civ. P. 23; (b) an award of damages to plaintiffs and the Putative Class Members due to alleged violations of Mass. Gen. Laws c. 151 §§ 1, 1A & 1B, and c. 149, § 148, including mandatory treble damages; (c) an award of costs and disbursements of the suit, including attorneys' fees and expenses; (d) an award of prejudgment interest; and (e) any other relief the Court deems just and proper.  *See* Compl. Prayer for Relief.

4.      On September 30, 2011, CVS and CVS Caremark removed the case to the United States District Court for the District of Massachusetts pursuant to CAFA, 28 U.S.C. § 1332(d).[2] The case was assigned to the Hon. Rya Zobel, Civil Action No. 11-11734-RWZ.  Plaintiffs moved to remand the case to state court on the asserted grounds that "CVS [had] failed to meet its burden to demonstrate that the amount in controversy … [had met CAFA's $5.0 million] jurisdictional threshold."  Docket No. 7.  The Court agreed and remanded the case to Superior Court by order dated March 16, 2012 (Order).  Docket No. 22.

5.      After remand, the parties engaged in preliminary discovery during which CVS provided plaintiffs with certain electronic time and attendance data relating to Massachusetts Shift Supervisors covering the period August 2010 through June 2012 (Time & Attendance Data).  On January 18, 2013, after reviewing and analyzing the Time & Attendance Data, plaintiffs' counsel informed CVS that they had calculated 116,499 instances (during the period August 2010 through June 2012) in which a Shift Supervisor took a meal break at a time when no other Shift Supervisor was working.  Because no other Shift Supervisor was present, plaintiffs contend that the on-duty Shift Supervisor was forced to take a meal break on store premises, which they assert violates Massachusetts law and gives rise to monetary damages (Potential

---

[2] The claims against CVS Caremark were later dismissed without prejudice.

Violations). As explained below, extrapolating the number of Potential Violations over the putative class period (July 25, 2008 to the date of entry of judgment) demonstrates that there is a reasonable probability that the amount in controversy exceeds $5,000,000, and that the case "has become removable" pursuant to 28 U.S.C. § 1446(b)(3) (a notice of removal may be filed within 30 days after receipt by defendant of any "paper from which it may first be ascertained that the case is one which is or has become removable.").

6. This action is properly removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453 because CVS has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over the action pursuant to CAFA.

**II.    CVS Has Satisfied The Procedural Requirements For Removal.**

1. On January 18, 2013, plaintiffs' counsel advised CVS's counsel of the number of Potential Violations, thereby permitting CVS to determine that the amount in controversy for the entire putative class period exceeded $5.0 million. This Notice of Removal (Second) is timely under 28 U.S.C. § 1446(b)(3) because it was filed within 30 days of the date that CVS ascertained that this case became removable.

2. Because this Court embraces the county and court in which plaintiffs filed their Complaint, this action is properly removed under 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

3. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Suffolk Superior Court on this date, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

4. A copy of all process, pleadings, and orders served upon CVS accompanies this Notice of Removal as required by 28 U.S.C. § 1446(d).  See **Exhibit A**.

5. Pursuant to Local Rule 81.1(a), CVS will request from the clerk of the Suffolk Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

6. By filing this Notice of Removal (Second), CVS expressly does not waive any defenses that are or may be available to it in law and equity.

### III. The Court Has Subject Matter Jurisdiction Under the Class Action Fairness Act.

7. "Any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a).

8. Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. The Complaint specifically alleges that "Plaintiffs bring this action pursuant to Mass. R. Civ. P. 23 on behalf of themselves and a class of similarly situated employees," such that this action is a "class action" subject to CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

### A. Diversity of Citizenship

10. As alleged in the Complaint, plaintiffs seek to represent a "class of similarly situated employees, *to wit*, Shift Supervisors who worked at more than 350 CVS stores in Massachusetts between July 25, 2008 and the present. Compl. ¶¶ 14, 24.

11. Plaintiffs allege they are each residents of and work in Massachusetts. Compl. ¶¶ 6–9.

12.     CVS is, and at the time of commencement of this action was, a Rhode Island Corporation with its principal office in Woonsocket, Rhode Island.  Compl. ¶ 11.  Accordingly, CVS is a "citizen" of Rhode Island.  28 U.S.C. § 1332(c)(1).

13.     Because plaintiffs (including at least one member of the putative class) are citizens of Massachusetts, and defendant is a citizen of Rhode Island, there is minimal diversity of citizenship as required under CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).  Furthermore, none of the exceptions under 28 U.S.C. § 1332(d)(3) or (d)(4) apply.

**B.      Amount in Controversy**

14.     "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

15.     At the time CVS initially removed this case, it estimated the amount in controversy based upon the total number of meal breaks taken during the putative class period.  For the purpose of the jurisdictional analysis, CVS assumed that a Shift Supervisor was required to take an uncompensated meal break on store premises during every such break.  "The difficulty with [CVS's] calculation," according to the Court, was that "it assume[d] *all* shift supervisors lost their [meal] break each day of their employment during the class period while the complaint clearly states that the circumstances leading to such loss occurred '*sometimes*.'"  *Id* (emphasis added).  Because CVS's damage estimate was based on assumptions different than those asserted in the Complaint, the Court concluded that CVS did not meet its burden of proving the requisite jurisdictional amount.  *Id*. at 3.

16.     Since remand, CVS provided plaintiffs with the Time & Attendance Data which, according to plaintiffs, revealed 116,499 instances when a Shift Supervisor took a meal break

and no other Shift Supervisor was present in the store.  Based on plaintiffs' theory of the case as set forth in the Complaint, the on-duty Shift Supervisor would thus have been required to take his or her meal break on store premises, without compensation, giving rise to a claim for unpaid wages under Massachusetts law.  Assuming, *arguendo*, that plaintiffs' are correct, then potential damages over the class period exceed CAFA's $5.0 million jurisdictional threshold, as described below.

17. Plaintiffs "seek to recover unpaid wages, including overtime wages" on behalf of themselves and all Shift Supervisors who worked at more than 350 CVS stores in Massachusetts between July 25, 2008 and the present.  Compl. ¶¶ 1, 14, and 24.  In particular, plaintiffs allege that Shift Supervisors are required to stay in the store and work during their breaks (when they are "require[d] . . to punch out" and, therefore, "record thirty less minutes of work time each day" than they actually work) when there are "no other managerial employees on duty." *Id.* ¶¶ 2, 20.  Plaintiffs seek the payment of unpaid wages – including "overtime compensation at time-and-one-half their regular hourly rates for all hours worked in excess of 40 during any work week" – for each meal break that they were required to remain in the store during their meal break, but were not paid. *Id.* ¶ 35.

18. Using an average hourly wage for Shift Supervisors in Massachusetts ($13.43) and the number of instances in which plaintiffs allege that CVS failed to pay Shift Supervisors for meal breaks, CVS's potential liability to class members for unpaid wages under the Massachusetts Wage Act – which mandates treble damages – exceeds the $5,000,000 jurisdiction amount under CAFA.  *See* Mass. Gen. Laws c. 149, § 150 (wage act); c. 151, § 1B (overtime).

19. Plaintiffs' review of the Time & Attendance Data revealed a total of 116,499 potential instances in which a violation occurred during the period August 2010 through June

2012. This equates to 5,065 alleged violations per month. Extrapolating this average over the class period of fifty-five (55) months (three years prior to the date the Complaint was filed through March 31, 2013) yields 278,575 alleged violations. Thus, using plaintiffs' estimate of the number of alleged violations and an average hourly wage for Shift Supervisors in Massachusetts, the potential damages exceed $5,000,000 as follows:

> *278,575 unpaid meal periods x $13.43/hr (average hourly rate) x 0.5 hours (30 minute meal period) = $1,870,631.*

Taking into account treble damages mandated by the Wage Act, plaintiffs' alleged damages are at least $5,611,893 ($1,870,631 x 3 = $5,611,893). *See Williams v. Litton Loan Servicing*, C.A. No. 10–11866–MLW, 2011 WL 3585528, *5 (D. Mass. Aug. 15, 2011) ("[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy"). In addition to the unpaid wages, the Court must also consider plaintiffs' claims for attorneys' fees and "other or further relief," in calculating the amount in controversy. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001).

20. Unlike CVS's earlier computation of the amount in controversy, the current calculation does not assume a violation occurred each time a Shift Supervisor took a break. Instead, the amount in controversy was calculated using the Time & Attendance Data and applying that data to the theory of liability asserted in the Complaint. In short, the compensability of each meal break plaintiffs have identified from their review of the data is in dispute. Although CVS disputes plaintiffs' theory of liability and believes it legally insupportable, and CVS will further seek to prove that the identified breaks are not in fact compensable, it is indisputable that the compensation not paid as a result of such breaks is in controversy.

21. For all these reasons, there is a reasonable probability that the amount in controversy exceeds $5,000,000. Accordingly, this Court has jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d).

WHEREFORE, CVS respectfully removes the case pending in the Suffolk Superior Court to this Court.

Respectfully Submitted,

CVS PHARMACY, INC.,

By its attorneys,

    /s/   John F. Farraher, Jr.
John F. Farraher, Jr., BBO #568194
Justin F. Keith, BBO #667953
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
Email:  Farraherj@gtlaw.com

James N. Boudreau, BBO #556626
GREENBERG TRAURIG, LLP
2700 Twp Commerce Square
Philadelphia, PA  19103
Tel: (215) 988-7800
Fax: (617) 988-7801
Email:  Boudreauj@gtlaw.com

DATED:  February 15, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Counsel for the plaintiffs by U.S. Mail and e-mail on February 15, 2013.

    /s/   John F. Farraher, Jr.
John F. Farraher, Jr.