
**CT Corporation**

**Service of Process Transmittal**
09/02/2011
CT Log Number 519095527

Krister

| | |
|---|---|
| **TO:** | Zenon Lankowsky, General Counsel<br>CVS Pharmacy, Inc.<br>One CVS Drive<br>Woonsocket, RI 02895 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | CVS Pharmacy, Inc. (Domestic State: RI) |

RECEIVED
SEP 06 2011
LEGAL DEPARTMENT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Romulus, et al., on behalf of themselves and all other persons similarly situated, Pltfs. vs. CVS Pharmacy, Inc. and CVS Caremark Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Class Action Complaint, Cover Sheet, Instructions, Attachment |
| **COURT/AGENCY:** | Suffolk County Superior Court, MA<br>Case # 11CV02750C |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay Shift Supervisors for all hours worked |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/02/2011 at 13:50 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Todd S. Heyman<br>Shapiro Haber & Urmy LLP<br>53 State Street<br>13th Floor<br>Boston, MA 02109<br>617-439-3939 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 797480848062<br>Email Notification, Zenon Lankowsky zplankowsky@cvs.com<br>Email Notification, Ellen Putnam EEPUTNAM@CVS.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Dahrlena Mitchell<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of 1 / DM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-cv-02750-C

David Romulus, Cassandra Beale, Nicholas Harris, Ashley Hilario, & Robert Bourassa , Plaintiff(s)

v.

CVS Pharmacy, Inc. & CVS Caremark Corp. , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Todd S. Heyman, Shapiro Haber & Urmy LLP plaintiff's attorney, whose address is 53 State St., Boston, MA 02140 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 31 day of August , in the year of our Lord two thousand eleven .

A true copy Attest:
Deputy Sheriff Suffolk County

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT

| | |
|---|---|
| DAVID ROMULUS, CASSANDRA BEALE, NICHOLAS HARRIS, ASHLEY HILARIO, and ROBERT BOURASSA, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CVS PHARMACY, INC. and CVS CAREMARK CORPORATION <br><br> Defendants. | C.A. No. 11-cv-02750-C <br><br> RECEIVED <br> AUG 31 2011 <br> SUPERIOR COURT - CIVIL <br> MICHAEL JOSEPH DONOVAN <br> CLERK / MAGISTRATE |

## FIRST AMENDED CLASS ACTION COMPLAINT

1. Plaintiffs David Romulus, Cassandra Beale, Nicholas Harris, Ashley Hilario and Robert Bourassa seek to recover unpaid wages, including overtime wages, to which they and other similarly situated persons are entitled. Plaintiffs each worked for Defendants CVS Pharmacy, Inc. and CVS Caremark Corporation (collectively referred to herein as "CVS") as Shift Supervisors in Massachusetts within the preceding three years from when this complaint was filed.

2. As set forth below, CVS required that its Massachusetts Shift Supervisors remain on the store premises when taking rest and/or meal breaks ("breaks") when there were no other managerial employees on duty and/or when there was only one other employee on duty. CVS required their presence in the store to carry out certain transactions, such as processing returns or voiding transactions that the other non-managerial employees lacked the authority to handle. Notwithstanding CVS's requirement that the Shift Supervisors remain in the store to handle such

transactions during time that was supposed to be a break, CVS did not pay the Shift Supervisors for that time. CVS's failure to pay the Shift Supervisors for all hours worked violates Massachusetts law. In addition to the unpaid wages, including overtime wages, Plaintiffs seek to recover treble damages, interest, and attorneys' fees and costs and all other relief permitted by law.

### Jurisdiction and Venue

3. Jurisdiction is proper in this Court because CVS regularly transacts business within the Commonwealth of Massachusetts, including within this county. CVS operates over 300 retail stores in Massachusetts.

4. Venue is proper in Suffolk County because, among other things, CVS is subject to suit in this county and/or some of the acts or omission complained of herein took place in Suffolk County.

### Parties

5. Plaintiff Romulus is a resident of Boston, Massachusetts. Between approximately 2007 and May 2010, he was employed by Defendant CVS as a Shift Supervisor in Brighton (Boston), Massachusetts.

6. Plaintiff Beale is a resident of Scituate, Massachusetts. Between approximately September or October of 2008 and April of 2011, she was employed by Defendant CVS as a Shift Supervisor in Cohasset, Massachusetts.

7. Plaintiff Harris is a resident of Belchertown, Massachusetts. Between approximately November of 2008 and October of 2009, he was employed by Defendant CVS as a Shift Supervisor in Palmer, Massachusetts.

2

8.  Plaintiff Hilario is a resident of Fall River, Massachusetts. Between approximately 2005 and December of 2008, she was employed by Defendant CVS as a Shift Supervisor in Fall River, Massachusetts.

9.  Plaintiff Bourassa is a resident of Lynn, Massachusetts. Between approximately April 2001 and November 2009, he was employed by Defendant CVS as a Shift Supervisor in Reading, Massachusetts.

10. Defendant CVS Caremark Corporation is a Delaware corporation with its principal office located at One CVS Drive, Woonsocket, Rhode Island. It also has regional offices in Needham, Chicopee, and Stoughton, Massachusetts.

11. Defendant CVS Pharmacy, Inc. is a wholly owned subsidiary of Defendant CVS Caremark Corporation. It is a Rhode Island corporation with its principal office located at One CVS Drive, Woonsocket, Rhode Island.

12. During the relevant time period, CVS was an employer subject to the Massachusetts wage and hour laws (and administrative regulations interpreting those laws).

13. As a result, during the relevant time period, CVS was required to compensate Plaintiffs and the members of the class they purport to represent in accordance with the requirements imposed on employers by Massachusetts law.

### Factual Allegations

14. CVS operates over 300 retail stores in Massachusetts. It employs several categories of employees in such stores, including Shift Supervisors.

15. Shift Supervisors are nonexempt employees and CVS pays them by the hour. Shift Supervisors are not salaried employees.

3

16. Shift Supervisors have the authority to handle certain transactions that regular cashiers lack the authority to handle. For example, Shift Supervisors process some returns of products and void certain transactions, which other sales personnel are not authorized to handle.

17. Because Shift Supervisors are sometimes the only employee in the store with the authority to handle such transactions, CVS prohibits them from leaving the store even when they are on a break under such circumstances. Shift Supervisors' breaks are and were interrupted to handle transactions such as these when they arise under such circumstances. Thus, even on break, Shift Supervisors are, and were not, completely relieved of all work-related duties.

18. In addition, Shift Supervisors sometimes work in the store with only one other employee. On such shifts, Shift Supervisors are similarly prohibited from leaving the store during their breaks because CVS prohibits an employee from leaving the store if only one other employee is present.

19. Because CVS' policies required the Shift Supervisors to stay in the store in such circumstances, Shift Supervisors should have been paid for the time they were supposedly on a break.

20. CVS does not in fact pay the Shift Supervisors for such time and instead requires the Shift Supervisors to punch out during the break and/or record thirty less minutes of work time each day.

21. In addition, some of the hours worked by Shift Supervisors "on break" were actually overtime work hours, and should have been compensated at time and one-half their regular hourly rate.

22. Attached hereto as Exhibit A is a letter from the Massachusetts Office of the Attorney General dated July 25, 2011 authorizing Plaintiffs to pursue their claims against CVS

4

by private right of action on behalf of themselves and all others similarly situated. Plaintiffs have satisfied all prerequisites and conditions precedent necessary to seek the remedies sought in this action.

### Massachusetts Rule of Civil Procedure 23 Class Action Allegations

23. Plaintiffs re-allege the above paragraphs as if set out here in their entirety.

24. Plaintiffs bring this action pursuant to Mass. R. Civ. P. 23 on behalf of themselves and a class of similarly situated employees, mainly, all CVS Shift Supervisors who worked in Massachusetts between July 25, 2008 and the date of final judgment in this action (the "Class").

25. Upon information and belief, CVS has employed many hundreds, if not thousands, of Shift Supervisors in Massachusetts during the relevant period. For this reason, joinder of all Rule 23 Class members would be impracticable.

26. CVS failed to pay members of the Class for all hours worked on a timely basis, including some overtime work hours that should have been compensated at time and one-half the employees' regular hourly rate.

27. CVS's conduct, as set forth herein, was willful and has injured Plaintiffs and the Class.

28. The claims of Plaintiffs are typical of the claims of the Class because all members of the Class are non-exempt, hourly CVS Shift Supervisors who were required to stay on the premises during their breaks under certain circumstances. Accordingly, there are numerous common questions of fact among members of the Class, including but not limited to questions pertaining to Defendant's policies concerning (1) when Shift Supervisors are permitted to leave the store premises on break; (2) how Shift Supervisors are required to record their time spent on

5

break when required to remain on the store premises; and, (3) whether Shift Supervisors are to be compensated for time spent on break when required to remain on the premises.

29. There are also numerous common questions of law including whether the members of Class are entitled to compensation under M.G.L. c. 151, §§ 1A and 1B and/or M.G.L. c. 149, §148. Any defenses raised by CVS, such as any arguments that its conduct did not violate Massachusetts law, would be common to all members of the Class.

30. Plaintiffs have retained counsel experienced in class action litigation, and, in particular, in litigating claims under Massachusetts wage and overtime statutes. With the advice of their retained counsel, Plaintiffs will fairly and adequately protect the interests of the Class.

31. The prosecution of separate actions against CVS under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class which would result in incompatible standards of conduct for CVS. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Class who are not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

32. Questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. There will be no difficulty in managing the case as a class action.

33. The members of the Class are known to CVS and are readily identifiable through CVS's records.

6

### Count I – Massachusetts Overtime Law Claim
*(On Behalf Of Plaintiffs and the Class)*

34. Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

35. By its conduct as set forth herein, CVS violated M.G.L. c. 151, §§ 1A and 1B, by failing to pay Plaintiffs and the Class overtime compensation at time-and one-half their regular hourly rates for all hours worked in excess of 40 during any workweek.

36. CVS's violations of M.G.L. c. 151, §§ 1A and 1B were willful and intentional.

37. Plaintiffs and the Class have been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B. Pursuant to M.G.L. c. 151, §§ 1A and 1B, CVS is liable to Plaintiffs and the Class for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### Count II – Massachusetts Wage Act Claim
*(On Behalf Of Plaintiffs and the Class)*

38. Plaintiffs re-allege and incorporate the allegations contained in the paragraphs above.

39. Pursuant to M.G.L c. 149, § 150, the Massachusetts Attorney General has assented in writing to the commencement of this action.

40. By its conduct set forth herein, CVS violated M.G.L. c. 149, §148 by failing to pay Plaintiffs and the Class all wages earned within seven days of the termination of the pay period during which those wages were earned.

41. CVS's violations of M.G.L. c. 149, § 148 were willful and intentional.

42. Plaintiffs and the Class have been damaged by said violation of M.G.L. c. 149, §148.

7

43. Pursuant to M.G.L. c. 149, § 150 and § 148, CVS is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully requests that the Court:

I. Issue an order allowing this action to proceed as a class action under Mass. R. Civ. P. 23.

II. Determine the damages sustained by Plaintiffs and the Class as a result of CVS's violations of M.G.L. c. 151 §§ 1A and 1B, M.G.L. c. 149, §148, and M.G.L. c. 151, §1, and award those damages against CVS and in favor of Plaintiffs and the Class, including treble damages and prejudgment interest.

III. Award Plaintiffs and the Class costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

IV. Award Plaintiffs and the Class post-judgment interest on all amounts awarded at the highest rate allowable by law; and

V. Any other or further relief as the Court may deem just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

August 31, 2011

Respectfully submitted,

Todd S. Heyman (BBO # 643804)
theyman@shulaw.com
Adam M. Stewart (BBO# 661090)
astewart@shulaw.com
SHAPIRO HABER & URMY LLP
53 State Street, 13th Floor
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

8

Philip J. Gordon (BBO#630989)
pgordon@gordonllp.com
GORDON LAW GROUP, LLP
585 Boylston Street
Boston, MA 02116
Telephone: (617) 536-1800
Facsimile: (617) 536-1802

*Counsel for Plaintiffs and the Class*

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) David Romulus, Cassandra Beale, Nicholas Harris and Ashley Hilario | DEFENDANT(S) CVS Pharmacy, Inc., Massachusetts CVS Pharmacy, LLC and CVS Caremark Corporation | |

Plaintiff Atty: Todd S. Heyman
Address: Shapiro Haber & Urmy LLP, 53 State Street
City: Boston   State: MA   Zip Code: 02109
Tel: +1 (617) 439-3939   BBO#: 643,804

Type Defendant's Attorney Name
Defendant Atty:
Address:
City:   State:   Zip Code:

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

B99 Other Tort (specify) - Fast Track   Claim for unpaid wages   [●] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                    $_____
   2. Total doctor expenses                                      $_____
   3. Total chiropractic expenses                                $_____
   4. Total physical therapy expenses                            $_____
   5. Total other expenses (describe)                            $_____
                                                        Subtotal $_____
B. Documented lost wages and compensation to date               $_____
C. Documented property damages to date                           $_____
D. Reasonably anticipated future medical expenses                $_____
E. Reasonably anticipated lost wages and compensation to date    $_____
F. Other documented items of damages (describe)
                                                                 $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   See attached.
                                                        Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                        TOTAL  $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____   Date: July 26, 2011
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| Code | Description | |
|---|---|---|
| A01 | Services, Labor and Materials | F |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### *TORT

| Code | Description | |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| Code | Description | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| Code | Description | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| Code | Description | |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E21 | Protection from Harassment c 258E | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

## ATTACHMENT TO CIVIL ACTION COVER SHEET

## *ROMULUS ET AL. v. CVS PHARMACY, INC. ET AL.*

## SUPERIOR COURT RULE 29 STATEMENT
## (SUFFOLK SUPERIOR COURT)

As set forth in more detail in Plaintiffs' Class Action Complaint, Plaintiffs David Romulus, Cassandra Beale, Nicholas Harris, and Ashley Hilario seek to recover unpaid wages, including overtime wages, to which they and other similarly situated persons are entitled. Plaintiffs each worked for Defendants, CVS Pharmacy, Inc., Massachusetts CVS Pharmacy L.L.C., and CVS Caremark Corporation (collectively "CVS") as Shift Supervisors in Massachusetts within the preceding three years from when the complaint was filed.

CVS required that its Massachusetts Shift Supervisors remain on the store premises when taking rest and/or meal breaks ("breaks") when there were no other managerial employees on duty and/or when there was only one other employee on duty. CVS required their presence in the store to carry out certain transactions, such as processing returns or voiding transactions that the other non-managerial employees lacked the authority to handle. Notwithstanding CVS's requirement that the Shift Supervisors remain in the store to handle such transactions during time that was supposed to be a break, CVS did not pay the Shift Supervisors for that time. CVS's failure to pay the Shift Supervisors for all hours worked violates Massachusetts law. In addition to the unpaid wages, including overtime wages, Plaintiffs, on behalf of themselves and all others similarly situated, seek to recover treble damages, interest, and attorneys' fees and costs and all other relief permitted by law.

The total amount of Plaintiffs' and the putative class' damages can be determined from the records in CVS's possession and control. However, Plaintiffs reasonably believe that the total damages of Plaintiffs and the putative class exceeds at least $25,000.